**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JONATHAN LOTT, | ) | 1:21-cv-01471-SKO (HC) |
| Petitioner, | ) | |
| vs. | ) | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| CRAIGE KOENIG, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, in which he challenges a prison disciplinary action.

Petitioner has submitted an application to proceed in forma pauperis which has been not been ruled on by this court.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may

1

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In a habeas matter, venue is proper in either the district of conviction or the district of confinement. 28 U.S.C. § 2241(d). In this case, petitioner claims he is entitled to early parole release because his underlying conviction is a non-violent offense. He challenges determinations by the state courts and prison authorities that he is not entitled to early parole consideration. Petitioner is incarcerated at the Correctional Training Facility prison located in the Northern District of California, and he raised his challenges to the Monterey County Superior Court. Whereas here the petitioner attacks the execution of his sentence, as opposed to an attack on the conviction itself, the proper forum in which to review such a claim is the district of confinement. See Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined."). Petitioner is confined at the Correctional Training Facility prison located in the Northern District of California. Therefore, the petition should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated:   **October 5, 2021**              /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE